UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.:

BERNARD FERNANDO TATEM
                          Plaintiff,

vs.

The City of Hollywood; The Hollywood Police Department; Jennifer Garcia (official and personal capacity as a police officer for the Hollywood Police Department); and Kyle Karl (official and personal capacity as a police officer for the Hollywood Police Department)
                          Defendant

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, BERNARD FERNANDO TATEM, herein files this Complaint against the City of Hollywood, the Hollywood Police Department, Jennifer Garcia and Kyle Karl and alleges:

## **JURISDICTIONAL STATEMENT**

1. Pursuant to 28 U.S.C. §1331, this court has original jurisdiction over violations of a Federal Statute.

2. This primary cause of action is for tortious and statutory damages which were caused by the Defendants and that which arose by a violation of the Plaintiff's civil rights as guaranteed by the U.S. Constitution and 42 USC 1983.

3. Pursuant to 28 U.S.C. 1367, this court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

4. This supplemental action is for tortious damages for false arrest and use of excessive use of

1

force which were caused by Defendants in the original act, and are so related to the original jurisdiction that they form part of the same case and controversy.

## PARTIES

5. Plaintiff, BERNARD FERNANDO TATEM, hereafter Mr. Tatem, is an individual who resides in North Miami Beach, FL.

6. Defendant, The City of Hollywood, is a political subdivision of the State of Florida located in Broward County. In this cause, the City of Hollywood acted through its agent, employees and servants, including that of its subagent, the Hollywood Police Department and its police officers. The principal place of business for the City of Hollywood is 2600 Hollywood Boulevard, Hollywood, FL. 33020 in Broward County, Florida.

7. Defendant, Jennifer Garcia, in his or her former personal and official capacity as a police officer for the City of Hollywood which is located at 3250 Hollywood Blvd, Hollywood, FL. 33021 in Broward County, Florida.

8. Defendant, Kyle Karl, in his or her former official and personal capacity as a police officer for the City of Hollywood which is located at 3250 Hollywood Blvd, Hollywood, FL. 33021 in Broward County, Florida.

## VENUE

9. Pursuant to 28 USC 1391, venue is proper in the Southern District of Florida as it is the district where at least one of the Defendant's resides, and further all Defendants are residents of Florida, the state in which the district is located.

## CONDITIONS PRECEDENT

10. All conditions precedent to the prosecution of this action have occurred, or have been

performed, excused or waived.

11. Plaintiff forwarded a written notice of his intent to present his claim pursuant to Fla. Stat 786 to the City of Hollywood, Hollywood Police Department and the Florida Department of Financial Services.

## FACTS IN SUPPORT OF CLAIMS

12. On October 24, 2017, Plaintiff, Mr. Tatem, was a customer at the Marathon gas station located at 1840 N. Federal Highway, Hollywood, FL., 33020.

13. On October 24, 2017, Jennifer Garcia and Karl Kyle were Officers of the City of Hollywood and were acting under color of authority of the Hollywood Police Department and the City of Hollywood.

14. While Mr. Tatem was shopping, Jennifer Garcia and Kyle Karl entered said gas station and confronted him about a car accident that had nothing to do with him.

15. After continued interrogation by the Defendants Jennifer Garcia and Kyle Karl, Mr. Tatem chose not to answer any further questions.

16. When asked to identify himself, Mr. Tatem did so willingly and again denied any involvement in an accident that was not related to him. He thereafter further requested and attempted to leave.

17. The Defendants, Jennifer Garcia and Kyle Karl, denied Mr. Tatem the ability to leave and instead decided to arrest him.

18. The arrest of Mr. Tatem was unlawful and lacked probable cause. Mr. Tatem was entirely compliant with the Officers commands and at no time did he resist or exert any force against the officers.

19. While Mr. Tatem was in hand cuffs, the Defendants Jennifer Garcia and Kyle Karl imposed a ferocious beating on Mr. Tatem's person. The Defendants knocked, punched and assaulted Mr. Tatem's person to the effect that he suffered several lacerations and needed medical attention to his face, head, shoulder and neck.

20. Following the arrest, Mr. Tatem was taken to the hospital for treatment and then taken to the Broward County Jail. He stayed in jail for two days until he was able to post bond.

21. Mr. Tatem maintained his innocence and took the matter to trial where he was found not guilty of all charges against him.

22. As a result of the unlawful acts of the Defendants, Jennifer Garcia and Kyle Karl, Mr. Tatem suffered non-economic and economic damages which includes but is not limited to physical harm, pain and suffering, mental anguish, humiliation, shame, disgrace, fright, and injury to his reputation as a member of the general public, loss of earnings and loss of time. These injuries amount to over $200,000 in damages, which he is currently seeking.

**COUNT I – 42 U.S. Code Section 1983 (False Arrest)**

**AGAINST JENNIFER GARCIA AND KYLE KARL, personally**

23. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 - 22 above as it is fully set forth herein at length.

24. 42 USC Section 1983 makes it unlawful for anyone acting under the authority of state law to deprive another person of his or her rights under the Constitution or federal law.

25. On October 24, 2017, Jennifer Garcia and Karl Kyle were Officers of the City of Hollywood and were acting under color of authority of the Hollywood Police Department and the City of Hollywood.

26. On or about October 24, 2017, Mr. Tatem was the subject of a warrantless arrest without probable cause, wherein his federal right to be free from unreasonable search and seizure was deprived.

27. Defendants Jennifer Garcia and Kyle Karl unreasonably deprived Mr. Tatem of his constitutional right to be free from unreasonable search and seizure as set forth in the Fourth amendment, and applicable to the states under the Fourteenth amendment of the United States constitution.

28. It is clearly established and a fundamental right to be free from unreasonable seizure, especially when there is no proof of a crime being committed and no probable cause to arrest.

29. On or about October 24, 2017, Mr. Tatem was restrained against his liberty and deprived of his liberty and freedom to leave.

30. Mr. Tatem was deprived of his liberty and the right to be free from unlawful and unreasonable restraint, as Jennifer Garcia nor Kyle Karl had probable cause to arrest Mr. Tatem.

31. As a direct and proximate result of Defendants Jennifer Garcia and Kyle Karl's actions in violation of 42 U.S.C. Section 1983, Mr. Tatem suffers and continues to suffer damages which include: physical harm, medical expenses for past, continued and future treatment, mental anguish and emotional suffering, embarrassment, humiliation and accumulating legal costs and fees.

32. As a result of the Defendant's actions, Mr. Tatem demands damages in the amount of $200,000 from each defendant.

## COUNT II – 42 U.S. Code Section 1983 (Battery – Excessive Force)
## AGAINST JENNIFER GARCIA AND KYLE KARL, personally

33. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1-22 above as fully set forth herein at length.

34. 42 USC Section 1983 makes it unlawful for anyone acting under the authority of state law to deprive another person of his or her rights under the Constitution or federal law.

35. On October 24, 2017, Jennifer Garcia and Karl Kyle were Officers of the City of Hollywood and were acting under color of authority of the Hollywood Police Department and the City of Hollywood.

36. On October 24, 2017, Defendants, Jennifer Garcia and Kyle Karl did intentionally and unlawfully touch Mr. Tatem by deliberately and forcefully placing Mr. Tatem under arrest, without probable cause and thereafter imposing a ferocious beating on Mr. Tatem's person.

37. The Defendants Jennifer Garcia and Kyle Karl knocked, punched and assaulted Mr. Tatem's person to the effect that he suffered several lacerations and needed medical attention to his face, head, shoulder and neck.

38. The actions of the Defendants, Jennifer Garcia and Kyle Karl did result in physical injury, pain and harm to Mr. Tatem.

39. Mr. Tatem did not consent to the Defendants, Jennifer Garcia and Kyle Karl's excessive use of force. Such use of force was neither justifiable nor excusable.

40. The conduct of Defendant Jennifer Garcia and Kyle Karl towards Mr. Tatem was objectively unreasonable and constituted an unnecessarily excessive use of force against Mr. Tatem's person.

41. The conduct of Defendants Jennifer Garcia and Kyle Karl against Mr. Tatem was in violation of his constitutional rights under the 4th and 14th Amendments of the United States Constitutioin; 42 U.S.C. Section 1983.

42. As a direct and proximate result of Defendants Jennifer Garcia and Kyle Karl's actions in violation of 42 U.S.C. Section 1983, Mr. Tatem suffers and continues to suffer damages which include: physical harm, medical expenses for past, continued and future treatment, mental anguish and emotional suffering, embarrassment, humiliation and accumulating legal costs and fees, all a result of the violation of Mr. Tatem's civil rights.

43. As a result of the Defendant's actions, Mr. Tatem demands damages in the amount of $200,000 from each defendant.

## COUNT III – FALSE ARREST
## AGAINST CITY OF HOLLYWOOD

44. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1-22 above as fully set forth herein at length.

45. On October 24, 2017, Jennifer Garcia and Karl Kyle were Officers of the City of Hollywood and were acting under color of authority of the Hollywood Police Department and the City of Hollywood.

46. On October 24, 2017, Jennifer Garcia and Karl Kyle did detain and restrain Mr. Tatem against his will.

47. Mr. Tatem did not feel free to leave, and when he requested to leave, his request was denied.

48. As a direct and proximate result of the intentional act the Defendants Jennifer Garcia and Kyle Karl, Plaintiff, Mr. Tatem, was the subject of a warrantless arrest without probable cause and detention against his will.

49. Mr. Tatem suffered an injury as a result of the aforementioned actions and demands tortious damages (economic and non-economic damages) which were caused by the Defendants' actions or failure to act.

50. The City of Hollywood is vicariously liable for the actions of the Hollywood Police Department's Officers, Jennifer Garcia and Kyle Karl and as such the Plaintiff demands damages in the amount of $200,000.

## COUNT IV – BATTERY (EXCESSIVE USE OF FORCE) AGAINST DEFENDANT, CITY OF HOLLYWOOD

51. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1-22 above as fully set forth herein at length.

52. On October 24, 2017, Jennifer Garcia and Karl Kyle were Officers of the City of Hollywood and were acting under color of authority of the Hollywood Police Department and the City of Hollywood.

53. Defendants, Jennifer Garcia and Kyle Karl did intentionally and unlawfully touch Mr. Tatem by deliberately and forcefully placing Mr. Tatem under arrest, without probable cause and imposing a ferocious beating on Mr. Tatem's person.

54. While Mr. Tatem was in hand cuffs, the Defendants Jennifer Garcia and Kyle Karl imposed a ferocious beating on Mr. Tatem's person. The Defendants knocked, punched and assaulted

      Mr. Tatem's person to the effect that he suffered several lacerations and needed medical attention to his face, head, shoulder and neck.

55. The actions of the Defendants, Jennifer Garcia and Kyle Karl did result in physical injury, pain and harm to Mr. Tatem.

56. Mr. Tatem did not consent to the Defendants, Jennifer Garcia and Kyle Karl's excessive use of force. Such use of force was neither justifiable nor excusable.

57. The conduct of Defendant Jennifer Garcia and Kyle Karl towards Mr. Tatem was objectively unreasonable and constituted an unnecessary excessive use of force against Mr. Tatem's person.

58. The City of Hollywood is vicariously liable for the actions of the Hollywood Police Department's Officers, Jennifer Garcia and Kyle Karl and as such the Plaintiff demands damages in the amount of $200,000.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that this Honorable Court enter Judgment:

A. Plaintiff hereby demands damages as stated in the complaint from each Defendant and from each count.

B. Awarding the Plaintiff reasonable reimbursement for attorney fees, costs, and expenses incurred as allowed under 42 USC 1988, and such other statutes that may be applicable;

C. Awarding all other relief as may be just and appropriate.

DATED: March 18, 2019

**/s/ Rogell Levers**
Rogell Levers, Esq. (FL Bar 069546)
Attorney for Plaintiff

**The Levers Law Firm, Pllc**
2930 Okeechobee Blvd., Ste. 210
West Palm Beach, FL 33409
T:  (561) 721-6200; Fax:  (561) 721-6202
Email: rxl@leverslaw.com