UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:19-CV-60716-XXXX

BERNARD FERNANDO TATEM

                Plaintiff,

vs.

The City of Hollywood; The Hollywood Police Department; Jennifer Garcia (official and personal capacity as a police officer for the Hollywood Police Department); and Kyle Karl (official and personal capacity as a police officer for the Hollywood Police Department)

                Defendant
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT, JENNIFER GARCIA AND KYLE KARL's MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, the Plaintiff, Bernard Tatem, through undersigned counsel, files this Response to Defendant's, Jennifer Garcia and Kyle Karl's Motion for Summary Judgment and as for grounds Plaintiff states the following:

### PROCEDURAL HISTORY

On October 24, 2017, Plaintiff, Mr. Tatem, was unlawfully and forcefully arrested by Defendants, Kyle Karl and Jennifer Garcia. As a result of the arrest, on March 19, 2019, Mr. Tatem filed a complaint against the Defendants for unlawful arrest and excessive use of force. On January 13, 2020 the Defendants, Jennifer Garcia and Kyle Karl filed a motion for summary judgment. The discovery period has not ended and all discovery is due on February 26, 2020. For the reasons herein, counsel files this Response to the Defendants Motion for Summary Judgment.

## **STATEMENT OF FACTS**

On October 24, 2017 Plaintiff, Mr. Tatem, was a customer at the Marathon gas station located at 1840 N. Federal Highway, Hollywood, FL., 33020. Prior to Mr. Tatem's arrest, there were reports that a hit and run accident had occurred at the intersection of North Federal Highway and Harding Street. The report stated that the driver of such vehicle evaded Ms. Michell Shaffer and Ms. Ashley Dotson by going north bound on a side street. Through the 911 call, Ms. Shaffer described (1) a front end collision between her vehicle and the other vehicle, (2) that the driver of the other vehicle was wearing a black shirt and (3) that the tag number of the vehicle being EQAJ99. (Exhibit A – 911 Cad Report) Following pursuit, the individual driving the vehicle that was involved in the accident turned into the neighboring gas station. As a result of the accident, fire rescue and local enforcement were dispatched to the scene.

Independently and having nothing to do with the previous incident, Mr. Tatem drove his vehicle to the gas station to get some food. Upon parking his vehicle, fire rescue indicated that he and his vehicle were in an accident and asked if he needed assistance. As seen from the gas station security footage, Mr. Tatem had no damage to his vehicle. Not knowing what fire rescue was talking about, Mr. Tatem declined assistance and in fact told fire rescue that he merely wanted to buy a few items of food at the gas station as he was not feeling well. Mr. Tatem thereafter went inside the gas station to pursue his shopping.

Nevertheless, a few minutes later, local law enforcement officers, Office Jennifer Garcia and Officer Karl Kyle arrived at the gas station. The officers spoke to Ms. Schaffer who said Mr. Tatem's car was the car that hit their vehicle and left the scene. Neither officer confirmed whether the statement matched the statement that were given to the 911 operator, whether the license plate number matched the one that was given earlier or whether the alleged car had any damage. Instead, the Officers merely peaked into the driver's side of Mr. Tatem's vehicle then entered the gas station's front door. While talking to Mr. Tatem,

the officers asked him if he was involved in an accident. Mr. Tatem responded no and further stated that he knew nothing about a motor vehicle accident. The officers asked him for his identification and he gave the Officers his full name and birth date.

It should be noted that the actual tag number of Mr. Tatem's car is EQAK99 is completely different than that which was reported in the 911 call. The 911 call as recorded on the 911 report describes a vehicle with tag number EQAJ99 and also a male wearing a black shirt. [See Exhibit A- 911 CAD Report]. As seen in the store video Mr. Tatem was actually wearing a very distinct burgundy and grey shirt[1], and as also mentioned in the police report records Mr. Tatem tag number which is different states EQAK99. [See Exhibit C- Police Report]"

Clearly not satisfied with the response and the clear proof that Mr. Tatem was not involved in the accident, Officer Kyle Karl instructed Mr. Tatem to get on the ground and place his hands behind his back. While complying with the directions, both Officer Jennifer Garcia and Officer Karl Kyle proceeded to aggressively place Mr. Tatem in handcuffs. The manner of which the handcuffs were being placed on Mr. Tatem's arm caused him severe discomfort to which he screamed in pain. Officer Kyle Karl twisted Mr. Tatem's right arm without regard. Kyle Karl then placed one knee directly into Mr. Tatem's spine and the other into his right shoulder. Thereafter Jennifer Garcia issued several punches to his rib and back while Mr. Tatem's head was lodged under her legs. Once placed in handcuffs, Mr. Tatem was lifted to his feet. At no point did he throw a punch, kick or commit a battery against any of the officer.

Once lifted to his feet, Officer Kyle Karl choked Mr. Tatem as he dragged him out of the building. While outside the gas station, Mr. Tatem went into diabetic shock. Officer Karl Kyle then threw Mr. Tatem's body to the ground. Mr. Tatem lost complete consciousness and fire rescue placed him on a gurney and loaded him into the ambulance

---

[1] See Defendants Submitted Conventional Video of events [DE 61]

where he was then taken to the hospital for treatment.

Following his hospital stay, Officer Kyle Karl and Jennifer Garcia went to the hospital and thereafter took Mr. Tatem to the Broward County jail on charges of leaving the scene of an accident and resisting arrest without violence. Mr. Tatem stayed in the jail for two days until he was able to bond out. The criminal charges were taken to trial, where Mr. Tatem was found not guilty of all charges. He has since filed this instant case for unlawful arrest and excessive use of force.

## ARGUMENT AND MEMORANDUM OF LAW

I. <u>Standard of Review – There is a genuine issue of material fact and the Defendant's Motion for Summary Judgment should be dismissed</u>

Pursuant to the Federal Rules of Civil Procedure rule 56(a), the Court shall grant summary judgement if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Summary judgment will not lie if the dispute about a material fact is "genuine", that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. There is no such issue unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Pp. 247-252. Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Defendants in the instant case moves for Summary Judgment, but there still

exist a genuine issue of material fact concerning the audio of what transpired an the details of the case at hand. The facts presented by both parties are conflicting and not so conclusive to imply that there still exist a genuine issue of material facts. Here, some of the issues that are being disputed include (1) the details of conversation between Mr. Tatem and Hollywood Fire Rescue Captain Elderman, (2) whether Mr. Tatem provided his identification to the Officer upon the initial inquiry, (3) whether Mr. Tatem intentionally resisted or was his actions involuntary due to the excessive force used during the arrest, (4) whether the chokehold placed on Mr. Tatem neck by Officer Kyle Karl was excessive, and (5) whether Officer Kyle Karl lifted and dropped Mr. Tatem on his head outside of the gas station while he was already handcuffed causing him to lose consciousness.

The above are merely the tip of disputed acts to which definitely controls the posture of the case, and to which only the trier of fact should make such determination. As required by the Court, a motion for summary judgment cannot be granted under these circumstances and the claim must be heard by a jury in order to make a fair determination. As such, Counsel moves this Honorable court for an order denying the Defendant, The City of Hollywood's Motion for Summary Judgment.

II.     Qualified Immunity – Unlawful Arrest

A false-arrest claim requires a showing of no probable cause. Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001). Here there is a lack of probable cause. Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001). Westfall v. Luna, 903 F.3d 534 (5th Cir. 2018). A slight review of the facts at hand known to the officers involve the following:

"A 911 call was made that a hit and run had taken place to which the vehicle which

> *had license plate number EQAJ99 had fled the scene of the accident. Upon arrival to the scene, they had been alerted that a vehicle that matched the color but with a different tag number [EQAK99] had returned to the scene of the accident and that the driver had entered the gas station. The vehicle which is being point out had no damage consistent with the hit and run. Further that the driver of the vehicle was wearing a black shirt and that this driver was wearing a burgundy and grey shirt. The only matching description is that driver of the vehicle was a black male. Inside that same gas, station where other black males who were also shopping. Upon speaking with the Mr. Tatem he denied being involved in any accident. [See Exhibit A 911 Cad report, Exhibit C- Police report, and Defendants Submitted Conventional Video of events [DE 61]]"*

Looking at the totality of the circumstances, there are insufficient articulable to sustain detention or seizure of Mr. Tatem's person. There appeared to be no damage to the vehicle, the plate of such vehicle does not match that which was reported, the clothing of the black male does not match what was previously given, further inside that same gas station where other black patrons shopping. As it stands, any black male in that same gas station could have been the person driving the car. Further the car that was in front and alleged to have been in a hit and run, had no damage. Even more, it would be highly unlikely for the person who left the scene in a high speed get away to return less than two minutes later to the same intersection to which the accident happened. The evidence known to the officers at that time, definitely did not and to this day do not rise to reasonable suspicion, arguable probable cause or probable cause to justify a seizure of Mr. Tatem.

Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001). West fall v. Luna, 903 F.3d 534 (5th Cir. 2018). If the officers in the instant cannot sustain reasonable suspicion, there is no way that the

officer can meet the burden of probable cause. Probable cause is a higher burden and based on the facts at hand, a black male driving a black car is not sufficient facts to detain or arrest. No reasonable officer with all the information presented would have placed Mr. Tatem under arrest. Where reasonable suspicions, arguable probable cause or probable exit, the claim of qualified immunity fails.

Florida law provides certain guides or protection for unlawful and unreasonable detention where it involves petty offences. This authority further removes the claim of discretion, and that is because the law clearly sets out those offence to which the person can be lawfully arrested without a warrant. Florida a Statute 901.15, a law enforcement officer may arrest a person without a warrant when the person has committed a felony or misdemeanor or violated a municipal or county ordinance in the presence of the officer. Limited to certain exceptions which do not exist in the instant case, the law does not allow for arrest of misdemeanor committed outside the officer's presence. At the time the handcuffs where being placed on Mr. Tatem's hands, he was being arrested solely for the misdemeanor leaving the scene of an accident and the traffic infraction of failure to drive in a single lane. As it stands, neither officers had legal authority to legal authority to arrest for the alleged offence. The above statute clearly limits arrest to felonies and misdemeanor committed in the officer's presence. [See Exhibit D- Fla Stat 901.15]." As it stands, Mr. Tatem was unlawfully arrested in violation of his constitutional rights, and the claim of qualified immunity does not apply.

III.   Excessive Use of Force

The force used by Officer Jennifer Garcia and Kyle Karl was excessive and a violation of Mr. Tatem's constitutional right to be free from excessive use of force. To establish a Fourth Amendment excessive-force claim, a plaintiff must "show that he suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force was objectively unreasonable." Flores v.

Palacios, 381 F.3d 391, 396 (5th Cir. 2004). One cannot claim qualified immunity where the use of force is unnecessary and unreasonable.

In the instant case, the use of force by Office Karl Kyle and Jennifer against Mr. Tatem person was not only excessive but also unnecessary. Such use of force caused severe injury and was a direct result and was from the use of force. Such force was not necessary nor objectionable reasonable under the circumstances. Reviewing fact specific details, the excessive use of force through battery began from the point from inside the gas station when Mr. Tatem was placed in hand cuffs and continued during transport to the jail.

After Mr. Tatem was fully in hand cuffs, Officer Kyle Karl placed Mr. Tatem struck Mr. Tatem in the neck via choke and in that choke the dragged him outside the building. While already in restraint he was then thrown to the ground, which cause him to hit his head. After lifting him, they officer then dropped and realizing he was almost unconscious, the officer intentionally dropped him again, cause his head to hit the concrete. The damages that came from the excessive use of force includes the further injury to Mr. Tatem neck and head. As a part of Mr. Tatem's damages, he suffered a severe laceration and lost consciousness as a result of the force employed.

In Graham v. Connor, the Court held that the question whether an officer has used excessive force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Kisela v. Hughes, 138 S. Ct. 1148, 200 L.Ed.2d 449 (2018). Based the standard set in Graham v. Conner, the Officers' actions were excessive and a violation of Mr. Tatem's constitutional right to be free from unreasonable and excessive force. The alleged facts that incited the Officers to arrest Mr. Tatem were failing to drive in a single lane (traffic infraction) and leaving the scene of an accident without

giving information (misdemeanor). None of these were felonies, and in the instant case, the only person that went to the hospital was Mr. Tatem.

A dispute concerning whether the force is reasonable is a jury question to which reasonable may also differ. Assuming arguendo and the legal facts as set forth, Defendants' motion for summary judgment should be denied. This is a matter that should be before the jury.

## CONCLUSION

For the legal reasons set forth herein, and because there are several genuine issues of material fact, the Plaintiff's moves this Court for an Order Denying the Defendants Motion for Summary Judgment.

## CERTIFICATE OF SERVICE & SERVICE LIST

**I HEREBY CERTIFY** that on January 31, 2020 a copy of this Response to Defendant's Motion for Summary Judgment was electronically mailed to Tamatha Alvarez at tsalaw@hotmail.com, John Wien at jwien@hollywoodfl.org, Douglas R. Gonzales at dgonzales@hollywoodfl.org and Kendra Breeden at Kendra.breeden@cordobalaw.com.

> Respectfully Submitted,
> Rogell Levers, Esq. (FL Bar 069546)
> Attorney for Plaintiff
> 2930 Okeechobee Blvd., Ste. 210
> West Palm Beach, FL 33409
> T: (561)721-6200;
> Fax: (561) 721-6202
> Email: rxl@leverslaw.com

## SERVICE LIST

**Tamatha Suzanne Alvarez**
Martin,   & Alvarez
1655 N. Commerce Pkwy , Ste 102
Weston, FL 33326
954-659-9322 ; 954-659-9909 (fax)
tsalaw@hotmail.com
Counsel for Jenifer Garcia and Kyle Karl

**John Charles Wien**
City of Hollywood
2600 Hollywood Blvd.
Suite 407
Hollywood, FL 33022
(954) 921-3435
jwien@hollywoodfl.org
Counsel for City of Hollywood

**Kendra Shauntia Breeden**
City of Hollywood-City Attorney's Office
2600 Hollywood Blvd.
Room 407
Hollywood, FL 33022
786-348-3982
kendra.breeden@cordobalaw.com
Counsel for City of Hollywood

**Douglas R. Gonzales**
City of Hollywood-City Attorney's Office
2600 Hollywood Blvd.
Room 407
Hollywood, FL 33022
954-921-3435
dgonzales@hollywoodfl.org
Counsel for City of Hollywood

## TABLE OF CONTENTS

| **Exhibit** | **Content** |
|---|---|
| A. | 911 CAD Report |
| B. | Defendant's Interrogatories |
| C. | Police Report |
| D. | Florida State 901.15 |